EXHIBIT

A

**WISNIEWSKI & ASSOCIATES, LLC**
William A Aitken, Jr. Esq. (037591985)
17 Main Street
Sayreville, NJ 08872
(732) 651-0040
Attorneys for Plaintiff
Our File No. 6050.13276

**FILED**
11:56 am, Apr 17, 2023

| | |
|---|---|
| TRANSEL ELEVATOR & ELECTRIC, INC. d/b/a T.E.I. GROUP<br><br>*Plaintiff,*<br><br>vs.<br><br>CROWN ENERGY SERVICES, INC. d/b/a ABLE ENGINEERING SERVICES, JOHN or JANE DOES 1-10, ABC LLC'S 1-10 and XYZ CORPORATIONS 1-10.<br><br>*Defendants.* | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION - ESSEX COUNTY<br>DOCKET NO.: ESX-L-008819-19<br><br>CIVIL ACTION<br><br>**ORDER**<br><br>GRANTED |

**THIS MATTER** having been opened to the Court by Wisniewski & Associates, LLC, attorneys for Plaintiff, Transel Elevator & Electric, Inc. d/b/a T.E.I. Group, and the Court having considered the moving papers and opposition papers, if any, and it appearing that Defendant, CROWN ENERGY SERVICES, INC. d/b/a ABLE ENGINEERING SERVICES should be substituted to ABM Industries t/a Able Services, an ABM Company formerly known as Crown Energy Services, Inc. d/b/a Able Engineering Services, and/or that Plaintiff's Complaint be Amended to add ABM Industries as a party defendant and for good cause shown;

It is on this 17TH day of April 2023,      GRANTED

**ORDERED and ADJUDGED**, that the complaint in this caption be and hereby is amended and ABM Industries t/a Able Services, an ABM Company formerly known as Crown Energy Services, Inc. d/b/a Able Engineering Services

be and is hereby substituted in the place and stead of Crown Energy Services, Inc. d/b/a Able Engineering Services as party defendant and all subsequent pleadings be filed with the Court shall use the name of substituted defendant in the caption.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint be amended to add ABM Industries as a party defendant pursuant to R.4:26-4 in the form of Amended Complaint submitted to the court on October 27, 2022, and attached to this motion in Exhibit B.

**IT IS FURTHER ORDERED** that The Superior Court Clerk is directed to add or change, as herein modified, the name of the party defendant on the automated case management system docket.

**IT IS FURTHER ORDERED** that Service of this Order shall be deemed effectuated once electronically filed by the Court through eCourts.

By: *JB Beach*
HON. JEFFREY B. BEACHAM, , J.S.C.

[X] Opposed

[ ] Unopposed    RULE 4:9-1 STATES THAT MOTIONS TO AMEND SHALL BE GRANTED LIBERALLY. THE MOTION MAY BE LATE BUT THAT IS NOT A BASIS TO DEFEAT THE MOTION.

-2-

**WISNIEWSKI & ASSOCIATES, LLC**
John S. Wisniewski, Esq. ID Number: 029171987
17 Main Street, Sayreville, NJ 08872
(732) 651-0040
Attorneys for Plaintiff
Our File No. 6050.13276

| | |
|---|---|
| TRANSEL ELEVATOR & ELECTRIC, INC. d/b/a T.E.I. GROUP | SUPERIOR COURT OF NEW JERSEY LAW DIVISION - ESSEX COUNTY |
| *Plaintiff,* | DOCKET NO.: ESX-L-8819-19 |
| vs. | CIVIL ACTION |
| CROWN ENERGY SERVICES, INC. d/b/a ABLE ENGINEERING SERVICES, ABM INDUSTRIES, JOHN or JANE DOES 1-10, ABC LLC'S 1-10 and XYZ CORPORATIONS 1-10. | AMENDED COMPLAINT & JURY DEMAND |
| *Defendants.* | |

Plaintiff, Transel Elevator & Electric, Inc. d/b/a T.E.I. Group, having its principal place of business at 30-30 47th Street, Suite 610, Long Island City, State of New York, by way of Complaint against the Defendants, says as follows:

## PARTIES

1.  Defendant, Crown Energy Services, Inc. d/b/a Able Engineering Services (hereinafter "Able") has a principal place of business located at 868 Folsom Street, San Francisco, California.

2.  Upon information and belief, ABM Industries ("ABM"), acquired Able in a transaction that occurred sometime on or after August 21, 2021.

3.  Defendants ABC LLC's (1-10), XYZ Corporations (1-10) and John or Jane Does (1-10) are fictitious names for any presently unknown person(s), corporation(s), partnership(s), business and/or entity.

4.   Hereinafter, "Defendants" means Able, ABM, John or Jane Does (1-10), ABC LLCs (1-10) and XYZ Corporations (1-10) collectively.

## JURISDICTION AND VENUE

5.   Jurisdiction is proper over the Defendants because each of the acts and claims set forth in this Complaint occurred in New Jersey or as a result of Defendants contracting for services in New Jersey.

6.   Venue is property pursuant to *R.* 4:3-2(a) because it lies where the cause of action arose and/or in the County in which the services in question were provided.

## FACTUAL BACKGROUND

7.   On or about August 1, 2015, Able entered into a Facility Maintenance and Management Services Contract (the "Facility Maintenance and Management Contract") with New Jersey Transit Corporation d/b/a NJ Transit (hereinafter "NJ Transit").

8.   The Facility Maintenance and Management Contract required Able to perform all work and labor required to furnish and deliver all goods and materials or services to NJ Transit at Newark Penn Station, Newark Light Rail Mezzanine and Newark Broad Street Station and Plaza.

9.   The Facility Maintenance and Management Contract permitted Able to enter into subcontracts with other entities to perform portions of the services.

10. Prior to the Facility Maintenance and Management Contract commencing, Able sought a bid from Plaintiff to repair and maintain the elevators and escalators at Newark Penn Station and Newark Broad Street Station (hereinafter the "Stations").

11. Thereafter, Plaintiff and Able entered into Service Contractors Agreement in which Plaintiff agreed to repair and maintain the elevators and escalators at the Stations. Hereinafter this Service Contractors Agreement and any written or verbal modifications thereto shall be referred to as the "Contract."

12. The Contract commenced on August 1, 2015 and was for a term of three (3) years, with two (2) one (1) year extensions, for a total maximum period of five (5) years.

13. The Stations are, and at all times relevant hereto were, owned by New Jersey Transit.

14. Under the Contract, the work Plaintiff performed at the Stations fell into two categories: (1) tasks specifically described in the Contract for which Plaintiff was to be paid a flat monthly fee (hereinafter "monthly services") and (2) additional work for tasks not specifically contemplated under the Contract that would be done on an as needed basis (hereinafter "*al a carte* services").

15. Pursuant to the Contract, Plaintiff is to be paid a flat monthly fee for its monthly services. Additionally, Plaintiff is to be paid for each *al a carte* service it provides on an hourly basis.

16. Each month from August 1, 2015 through June 30, 2019, the date the Contract was terminated by Able, Plaintiff provided the required monthly

3

services at the Stations.

17. From August 1, 2015 through June 30, 2019, the date the Contract was terminated by Able, Plaintiff provided numerous *al a carte* services at the Stations.

18. The *al a cart* services provided by Plaintiff were for tasks Able specifically requested Plaintiff undertake and included, but were not limited to, tasks such as elevator or escalator clean downs, emergency work and repairs to vandalism.

19. Each *al a cart* service provided by Plaintiff was approved by Able either verbally or in writing prior to the tasks being commenced.

20. Plaintiff provided invoices to Able each month for its monthly services.

21. Plaintiff also provided invoices to Able for each *al a cart* service it provided to Able after each service was provided.

22. Able failed to pay Plaintiff for over four hundred and ninety invoices for *al la cart* services Plaintiff provided Able in the amount of four hundred twenty-six thousand six hundred ninety-six dollars and eighteen cents ($426,696.18).

23. The Defendants have failed to pay Plaintiff any of the monies due and owning detailed in these invoices.

24. The invoices provided by the Plaintiff to Defendants which

4

remain unpaid total four hundred twenty-six thousand six hundred ninety-six dollars and eighteen cents ($426,696.18).

## COUNT ONE

25. Plaintiff repeats and reiterates each and every allegation contained in the factual background of this Complaint as if set forth more fully at length herein.

26. Plaintiff complied with the terms of the Contract with the Defendants.

27. Defendants failed to comply with the terms of the Contract by failing to pay for the services rendered by Plaintiff.

28. As a result of Defendants' failure to comply with the terms of the Contract, Plaintiff was deprived benefits of the Contract which it reasonable expected.

29. As such, Defendants breached its Contract with the Plaintiff.

30. As a direct and proximate cause of Defendants' breach of Contract, Plaintiff has suffered ascertainable damages including monetary and consequential damages.

**WHEREFORE**, Plaintiff demands Judgment against Defendants for:

a. Compensatory and consequential damages;
b. Interest;
c. Attorney fees and costs; and
d. Such other relief as the Court shall deem fair and equitable.

6

## COUNT TWO

31. Plaintiff repeats and reiterates each and every allegation contained in the factual background and first count of this Complaint as if set forth more fully at length herein.

32. Defendants owed a duty of good faith and fair dealing to the Plaintiff.

33. Defendants by their actions, omissions and conduct, breached their duty of good faith and fair dealing.

34. Defendants by their actions, omissions and conduct denied the Plaintiff of the bargain initially intended by the parties in their Contract.

35. As a direct and proximate result, Plaintiff has suffered ascertainable damages including monetary and consequential damages.

**WHEREFORE**, Plaintiff demands Judgment against Defendants for:

a. Compensatory and consequential damages;
b. Interest;
c. Attorney fees and costs; and
d. Such other relief as the Court shall deem fair and equitable.

7

## COUNT THREE

36. Plaintiff repeats and reiterates each and every allegation contained in the factual background and first and second counts of this Complaint as if set forth more fully at length herein.

37. Pursuant to the agreement entered into between the parties, Plaintiff provided Defendants with certain services.

38. Said services were provided to the Defendant in exchange for certain promises and agreements by the Defendant to make payments set forth in the agreement.

39. By failing to comply with the requirements of the agreement, Defendant was unjustly enriched by the Plaintiff.

40. As a direct and proximate cause of Defendants' unjust enrichment, Plaintiff has suffered ascertainable monetary damages.

**WHEREFORE**, Plaintiff demands Judgment against Defendant for:

a. Compensatory and consequential damages;
b. Interest;
c. Attorney fees and costs; and
d. Such other relief as the Court shall deem fair and equitable.

8

## COUNT FOUR

41. Plaintiffs repeat and reiterate each and every allegation contained in the factual background, first, second, and third counts of this Complaint, as if set forth more fully at length herein.

42. Defendants, John or Jane Does 1-10, are fictitious names of individuals whose identities may be revealed through continuing discovery and investigation and were individuals that breached a contract with Plaintiff, breached a covenant of good faith and fair dealing with Plaintiff, were, by their conduct, unjustly enriched at the detriment of Plaintiff and/or caused any other damage to Plaintiff.

43. Defendants, ABC LLCs 1-10, are fictitious entities whose identities may be revealed through continuing discovery and investigation and were entities that breached a contract with Plaintiff, breached a covenant of good faith and fair dealing with Plaintiff, were, by their conduct, unjustly enriched at the detriment of Plaintiff and/or caused any other damage to Plaintiff.

44. Defendants, XYZ Corporations 1-10, are fictitious entities whose identities may be revealed through continuing discovery and investigation and were entities that breached a contract with Plaintiff, breached a covenant of good faith and fair dealing with Plaintiff, were, by their conduct, unjustly enriched at the detriment of Plaintiff and/or caused any other damage to Plaintiff.

45. Defendants, John or Jane Does 1-10, did contribute in causing damage to the Plaintiff.

46. Defendants, ABC LLCs 1-10, did contribute causing damage to the Plaintiff.

47. Defendants, XYZ Corporations 1-10, did contribute causing

9

damage to the Plaintiff.

48. The true names or capacities, whether individual, corporate, associate, representative, or otherwise, of defendants named as John or Jane Does 1-10, ABC LLCs 1-10 and XYZ Corporations 1-10 are not known to Plaintiff who consequently sues these defendants by their fictitious names.

49. Plaintiff will seek leave to amend this Complaint to state the true names and capacities of the fictitiously named defendants when they have been ascertained.

**WHEREFORE**, Plaintiff demands Judgment against Defendants, jointly and severally, for:

   a. Compensatory, consequential and punitive damages;
   b. Interest;
   c. Attorney fees and costs; and
   d. Such other relief as the Court shall deem fair and equitable.

## JURY DEMAND
### PURSUANT TO *R.* 1:8-2 and *R.* 4:35

The Plaintiff demands trial by a jury of six (6) persons on all of the triable issues of this complaint, pursuant to *R.* 1:8-2 and *R.* 4:35.

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE PURSUANT TO R. 4:10-2

Pursuant to R. 4:10-2, the Plaintiff demands that Defendants disclose to Plaintiff's attorney whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or indemnify or reimburse for payments made to satisfy the judgment and provide Plaintiff's attorney with true copies of those insurance agreements or policies, including, but not limited to, any and all declaration sheets. This demand shall include and cover not only primary coverage, but also any and all excess, catastrophe, and umbrella policies.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of R. 4:25-4, the court is advised that John S. Wisniewski, Esq., is hereby designated as trial counsel.

## CERTIFICATION

I hereby certify that a copy of the within document has been filed with the Clerk of the captioned Court and that a copy of same was served upon all interested attorneys, within the time allowed by the Rules of Court.

## CERTIFICATION PURSUANT TO RULE 4:5-1

I hereby certify that to the best of my knowledge, information, and belief, the within matter in controversy is not the subject of any other pending or contemplated court actions or arbitration proceedings.

I further certify that to the best of my knowledge, information, and belief, I am not aware of any non-parties who should be joined in the action.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

WISNIEWSKI & ASSOCIATES, LLC

*/s/ John S. Wisniewski*

John S. Wisniewski, Esq.
Attorney for Transel Elevator & Electric, Inc.
d/b/a T.E.I. Group

DATED: October 26, 2022